**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CLIFFORD ALLEN BRACE, Jr., | No. 21-55514 |
| Debtor. | D.C. No. 5:20-cv-01048-JGB |
| CLIFFORD ALLEN BRACE, Jr., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| STEVEN M. SPEIER, Chapter 7 Trustee; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 16, 2022[**]

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Chapter 7 debtor Clifford Allen Brace, Jr. appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's order affirming the bankruptcy court's May 5, 2020 civil contempt order against Brace. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not abuse its discretion in finding Brace in civil contempt for violating the automatic stay and the bankruptcy court's compromise and turnover orders, because the trustee showed by clear and convincing evidence that Brace knew of the automatic stay and the bankruptcy court's orders, and refused to cure his violation. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190-91 (9th Cir. 2003) (setting forth standard of review and explaining that a party seeking an order of contempt has the burden to show "by clear and convincing evidence that the contemnor[] violated a specific and definite order of the court; the automatic stay qualifies as a specific and definite order" (citation and internal quotation marks omitted)).

We reject as without merit Brace's contentions that the bankruptcy court lacked jurisdiction and that the bankruptcy judge was biased against him.

We do not consider Brace's contentions regarding the bankruptcy court's orders addressed in prior appeals (Nos. 21-55153 or 19-56463).

**AFFIRMED.**